# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JENNIFER NOWACK and MICHAEL NOWACK,

    Plaintiffs,

  v.                                              Case No. 03-C-1402

MARINETTE SCHOOL DISTRICT, et al.,

    Defendants.

## ORDER

      Plaintiffs Jennifer and Michael Nowack sued the Marinette School District and several of its employees, asserting tort, contract, and constitutional claims arising out of the termination of Jennifer's employment with the District. Among other claims, plaintiffs asserted that the District and certain defendants treated Jennifer differently than other teachers accused of similar wrongdoing, in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution. (Am. Compl. ¶¶ 79-83.) In furtherance of this claim, plaintiffs' counsel asked Defendant George Hayes and a non-party witness, Linda Cahill, deposition questions about the District's disciplinary actions, or lack thereof, with respect to three other teachers, none of whom is a party to this case. Defense counsel objected to these questions on the grounds that the information sought was confidential under *Woznicki v. Erickson*, 549 N.W.2d 699 (1996). Plaintiffs sought similar information in four interrogatories submitted to defendants on June 10, 2004, and received a similar response. Plaintiffs have now moved to compel answers to the deposition questions and interrogatories. For the following reasons, their motion will be denied, without prejudice.

The dispute over whether plaintiffs are entitled to the personnel records of other teachers lay fallow for some time before the filing of this motion. Even before that plaintiffs did not prosecute their discovery requests with much vigor, leaving considerable doubt as to whether the prior consultation requirements of Fed. R. Civ. P. 37(a)(4) and Civil L.R. 37.1 have been met. It appears that the parties may be able to work this dispute out without the intervention of the court. Defense counsel represents that he is willing to make the information sought by plaintiffs available through the procedures outlined in *Woznicki*.[1] This may satisfy plaintiffs' discovery requests. If plaintiffs cannot obtain the information to which they believe they are entitled through defendants' cooperation, plaintiffs are free to renew their motion.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel is hereby **DENIED**, without prejudice.

Dated this   8th   day of May, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Under *Woznicki*, defendants must give prior notice to the teachers whose records plaintiffs seek that they intend to disclose those records to plaintiffs. The teachers may then seek review of defendants' decision to disclose the records in circuit court. 549 N.W.2d at 706.